*Court of Common Pleas, Dauphin County, February 11th, 1867.*

WOODSIDE & STOREGER· v. THE PENNSYLVANIA RAILROAD COMPANY.

When a party has demanded an appeal from a justice of the peace within twenty days after judgment, but was prevented from obtaining it until the time had expired by the severe illness of the magistrate, this appeal is good.

BY THE COURT.—The deposition of D. A. Muench sets forth all the facts of the case; his veracity is not questioned. From that, it appears that an appeal was applied for in proper time, and was promised by the alderman. An effort was made on several subsequent occasions to perfect it, but failed from the severe indisposition of the officer, and it was regularly taken on the earliest occasion after the officer was able to attend to his duties, but that was after the twenty days had expired. Where a party has done all that lies in his power to obtain his appeal, and thus secure to himself the great constitutional right of a trial by jury, he is not to be turned out of court through the default or misfortune of the officer who tried the cause, provided the appeal is perfected at the earliest possible day. These principles are sanctioned and supported by the cases of Louderback v. Boyd (1 Ashmead, 380) and Read v. Dickinson (2 Ashmead, 224), decided by the Common Pleas of Philadelphia, and sustained in principle by the Supreme Court in Clark v. Wallace (3 Penna. Rep. 441) where the doctrine was applied to an appeal from the award of arbitrators, which failed to be entered in time, owing to the default of the prothonotary, who refused to open his office after the usual business hours to take it. The motion to quash

[Ackerman *v.* Smith et al.]

the appeal is refused.   We are of the opinion that it should be sustained under the circumstances disclosed in the deposition.

*Miller and McAlarney, for plaintiff.*

*Snodgrass, for defendant.*